***E-FILED - 11/20/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCEL LOVE,   ) | No. C 08-4356 RMW (PR) |
|    )  | |
|    Petitioner,   ) | ORDER TO SHOW CAUSE; |
|    ) | GRANTING LEAVE TO |
|  vs.  ) | PROCEED IN FORMA |
|    ) | PAUPERIS; DENYING |
| MELISSA LEA, Chief Deputy Admin., et   ) | APPOINTMENT OF COUNSEL |
| al.,   ) | |
|    ) | |
|    Respondents.   ) | (Docket Nos. 2 & 4) |
|    ) | |

   Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's application to proceed in forma pauperis (docket no. 2) is GRANTED. The court orders respondent to show cause why a writ of habeas corpus should not be granted and DENIES the motion for appointment of counsel (docket no. 4).

**BACKGROUND**

   According to the petition, in 2004, petitioner was convicted in San Francisco Superior Court of two counts of lewd and lascivious acts on a minor and one count of continuous sexual abuse of a minor. The trial court sentenced petitioner to a term of 14 years in state prison. In 2006, on direct appeal, the state appellate court affirmed the judgment. In 2007, the state supreme court denied the petition for review and the United States Supreme Court denied certiorari. The instant federal petition was filed on September 17, 2008.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petitioner's Claims**

As grounds for federal habeas relief petitioner claims: (1) the evidence was insufficient to convict him to counts 3 and 4, in violation of his due process rights; (2) the trial court failed to instruct the jury that it must determine whether the offense under California Penal Code section 288 in count 3 was committed in the same time period as the continuing sexual abuse count alleged in count 4, and the trial court failed to instruct that conviction of both offenses was barred if they were in the same time period; (3) the admission of prior sex offense evidence to prove petitioner's propensity to commit similar acts violated petitioner's due process rights; (4) the admission of prior sexual assault and prior domestic violence evidence violated petitioner's due process rights; (5) he trial court erroneously excluded relevant evidence that Michelle B. had previously made false sexual assault accusations, in violation of petitioner's right to present a defense, and wrongfully put the burden on defense counsel to advise potential defense witnesses of their Fifth Amendment rights, in violation of petitioner's right to conflict-free representation; and (6) the cumulative effect of the errors deprived petitioner of his right to due process. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

**C.    Appointment of Counsel**

Petitioner requests appointment of counsel (docket no. 4) because he is untrained in the law, has a 10th grade education, is housed out of state, and believes he cannot effectively

represent himself. In addition, petitioner's counsel on direct appeal submitted a letter to the court stating his availability for appointment, should the court decide to grant petitioner's motion for counsel.

However, as petitioner notes, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner if "the court determines that the interests of justice so require," the courts have made appointment of counsel the exception rather than the rule. Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).

Petitioner has thus far been able to adequately present his claims for relief. Respondent will be ordered to produce the state record, which may include petitioner's state appellate briefs prepared by counsel. No evidentiary hearing appears necessary in this case, nor are any other extraordinary circumstances apparent.[1] Accordingly, the court concludes that appointment of counsel is not necessary at this time. Petitioner's motion for appointment of counsel (docket no. 4) is DENIED without prejudice.

## CONCLUSION

1. The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing

---

[1] In counsel's letter to the court, he states that during petitioner's direct appeal, he did not send any document which reflected the nature of petitioner's current or prior convictions so as not to endanger petitioner's safety or security in prison. Should petitioner be concerned about his safety, the court notes that the docket sheet reflects that petitioner's mail from this court will be sent "c/o Jonathan D. Soglin, FDAP" in San Francisco, California. If petitioner wishes for his documents to be sent elsewhere, he may submit a change of address notification at any time.

1  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.
2  Respondent shall file with the answer and serve on petitioner a copy of all portions of the
3  underlying state criminal record that have been transcribed previously and that are relevant to a
4  determination of the issues presented by the petition.

5      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
6  court and serving it on respondent within **thirty days** of the date the answer is filed.

7      3.    Respondent may file a motion to dismiss on procedural grounds in lieu of an
8  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
9  2254 Cases within **ninety days** of the date this order is filed.  If respondent files such a motion,
10 petitioner shall file with the court and serve on respondent an opposition or statement of non-
11 opposition within **thirty days** of the date the motion is filed, and respondent **shall** file with the
12 court and serve on petitioner a reply within **fifteen days** of the date any opposition is filed.

13     4.    It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that
14 all communications with the court must be served on respondent by mailing a true copy of the
15 document to respondent's counsel.  Petitioner must keep the court and all parties informed of any
16 change of address by filing a separate paper captioned "Notice of Change of Address."  He must
17 comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal
18 of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

19     5.    Petitioner's motion for appointment of counsel is DENIED because there are no
20 exceptional circumstances, and because there appears to be no need for an evidentiary hearing.
21 If the circumstances of the case change such that appointment of counsel becomes warranted, the
22 court will appoint counsel sua sponte at that time.

23     This order terminates docket nos. 2 & 4.

24     IT IS SO ORDERED.
25 DATED: 11/17/08                          /s/ Ronald M. Whyte
                                            RONALD M. WHYTE
26                                          United States District Judge